IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00042-MR-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| JAMES ANTHONY BROOKS, JR., | ) | **MEMORANDUM OF DECISION AND ORDER** |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 31].

**I.  BACKGROUND**

The Defendant was charged with a single count of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 1 (Indictment)]. He pled guilty to that offense pursuant to a written Plea Agreement. [Doc. 13: Plea Agreement]. In the Plea Agreement, the Defendant stipulated that there was a factual basis for the guilty plea pursuant to Rule 11(b)(3), and that he had read and understood the Factual Basis filed with the Plea Agreement. [Id. at ¶ 10]. The written Factual Basis filed with the Plea Agreement provided in relevant part:

Defendant James Anthony BROOKS has been convicted of an offense for which he faced a sentence of more than one year in prison and was aware of that on the date of the offense in the instant case. In 2020 he was sentenced to 33 months' imprisonment for a violation of 18 U.S.C. § 922(g)(1)….

While on supervised release for that conviction, Deputy Andy Dobbins … observed the defendant in a vehicle displaying a revoked registration tag. The plate had a pick-up order and an insurance stop. Dobbins initiated his blue lights and the vehicle slowed, eventually stopping at … the defendant's home address…. The date was May 3, 2023.

Dobbins noted an overwhelming odor of marijuana coming from the vehicle…. Dobbins asked BROOKS to step out and stand at the rear of his vehicle.

BROOKS did so but then walked back towards his vehicle. Dobbins told him not to do that because he didn't know what was in the vehicle. BROOKS did so anyway…. Dobbins grabbed BROOKS and told him he was detained. BROOKS resisted when Dobbins grabbed his right arm. A fight ensued.

BROOKS continued to push and shove Dobbins before eventually running towards his car. Dobbins noticed BROOKS had his arm under the driver's seat and, according to Dobbins, appeared to be grabbing for something.

At this time Dobbins unholstered his weapon. He pointed it at BROOKS and told him several times to stop trying to get the object under the seat or he would shoot him. BROOKS stopped and was handcuffed. BROOKS denies that he had any intention of getting the firearm for the purpose of shooting or harming the officer.

Dobbins conducted a probable cause search of the vehicle. He found a loaded Glock 23 pistol under the driver's seat. He also found a user quantity of marijuana and a digital scale in the car.

> [An ATF agent] determined [that the firearm] was a Glock … was manufactured in Austria.

[Doc. 12: Factual Basis at 1-3] (paragraph numbers omitted).

A Rule 11 hearing was held before a United States magistrate judge on August 23, 2023. The Defendant stated, under oath, that he and counsel had reviewed the Indictment and the Plea Agreement together, and that he understood the charge against him, including the maximum and minimum penalties, and the elements of the offense. [Doc. 14 at 1-3]. The Defendant confirmed that he had read the Factual Basis; that he understood and agreed with it; that it was true and accurate; and that the Government would be able to prove the statements in the Factual Basis beyond a reasonable doubt if the case were to proceed to trial. [Id. at 7-8]. The Defendant further stated that he was guilty of Count One; that his plea was freely and voluntarily entered with a full understanding of what he was doing; that he was not promised anything other than the promises contained in the Plea Agreement; and that he was not threatened to enter the Plea Agreement against his wishes. [Id. at 7]. The Defendant further confirmed that he had had ample time to discuss possible defenses with counsel and was entirely satisfied with counsel's services. [Id. at 9].

3

Case 1:23-cr-00042-MR-WCM   Document 33   Filed 04/18/24   Page 3 of 10

In February 2024, the Court sentenced the Defendant to 27 months' imprisonment followed by three years of supervised release. [Doc. 28: Judgment]. The Defendant did not appeal.

The Defendant filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 on April 2, 2024.[1] [Doc. 31]. In his Motion, he argues that counsel was ineffective for failing to seek dismissal of the § 922(g)(1) charge on the basis of N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S.Ct. 2111 (2022), and that this rendered his guilty plea involuntary. He asks the Court to "vacate [his] sentence." [Doc. 31 at 12]. The Court determines that this matter may be resolved without requiring the United States to respond.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a Defendant must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting

Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Defendant "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the defendant fails to meet this burden, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 670.

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice

6

prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007); see Lee v. United States, 582 U.S. 357, 364-65 (2017) (the question is whether the defendant would have gone to trial, not whether the result of trial would have been different than the result of the plea bargain). Put differently, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

Here, the Defendant claims that counsel should have moved to dismiss the § 922(g)(1) charge pursuant to Bruen, and that counsel's failure in this regard rendered his guilty plea involuntary. [Docs. 31, 31-1].

The Second Amendment to the United States Constitution does not protect a convicted felon's "right" to bear arms. See United States v. Mahin, 668 F.3d 119, 123 (4th Cir. 2012) (collecting cases declining to overturn on Second Amendment grounds criminal convictions under 18 U.S.C. § 922(g)). Bruen, which regards the right of "law-abiding citizens with ordinary self-defense needs" to keep and bear arms, does not change this conclusion. See Bruen, 142 S.Ct. at 2156. Accordingly, courts have continued to uphold

§ 922(g)(1) in response to Second Amendment challenges after Bruen. See United States v. Brown, No. 1:23-cr-75-MR, 2024 WL500719 (W.D.N.C. Feb. 8, 2024) (denying a Bruen-based motion to dismiss indictment); see also Hemphill v. United States, No. 3:20-cr-332-RJC, 2024 WL 925551 (W.D.N.C. March 4, 2024) (dismissing and denying a § 2255 petition raising Bruen); Nicks v. United States, No. 5:23-cv-2-KDB, 2023 WL 4356065, at *10-*12 (W.D.N.C. July 5, 2023) (same). Accordingly, counsel was not ineffective for choosing not to seek dismissal of the Indictment on the basis of a meritless Bruen claim.[2] See generally Lockhart v. Fretwell, 506 U.S. 364, 374 (1993) (a defendant is not prejudiced if his counsel fails to make an objection that is "wholly meritless under current governing law").

Further, the Defendant cannot demonstrate that counsel's performance in this regard rendered his guilty plea involuntary. The record demonstrates that the plea was knowingly and voluntarily entered, and it would not have been objectively reasonable to reject the plea in light of Bruen's inapplicability, the strong evidence of Defendant's guilt, and the

---

[2] Any suggestion that appellate counsel was ineffective for failing to file a direct appeal raising Bruen fails for the same reasons. [See Doc. 31 at 9 ("My ineffective assistance of counsel claim was not raised because the prejudice resulted from counsel's failure to raise a claim")].

benefits of the plea agreement. See generally Padilla, 559 U.S. at 372. Accordingly, the Motion to Vacate is denied.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Vacate is denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 31] is **DENIED** and **DISMISSED.**

9

Case 1:23-cr-00042-MR-WCM   Document 33   Filed 04/18/24   Page 9 of 10

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge